UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERNANDO ABURTO LOPEZ, | Case No. 2:25-cv-02541-TMC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents.[1] | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Fernando Aburto Lopez is an individual who entered the United States without inspection years ago, was apprehended by immigration officers in 2025, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 4-1 at 1–3. On January 7, 2026, Aburto Lopez requested release on bond from an Immigration Judge ("IJ"), who denied the request on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 15-1 at 2. In the alternative, the IJ ruled that he was ineligible for release on bond because he presented a flight risk. *Id.* at 3.

---

[1] Kristi Noem, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

On December 11, 2025—about a month before his bond hearing in immigration court—Aburto Lopez filed a petition for writ of habeas corpus, arguing that his detention at NWIPC violated his due process rights. Dkt. 1. Along with his request for habeas relief, he moved for the Court to enjoin Respondents from transferring him out of the Western District of Washington. *Id.* The next day, Federal Respondent indicated her non-opposition to providing Aburto Lopez and his counsel with at least 48 hours' notice before any effort to transfer him out of NWIPC or remove him from the United States while habeas proceedings are pending. Dkt. 3.

On December 14, Aburto Lopez filed an updated habeas petition to withdraw the emergency motion for injunctive relief, add factual allegations not included in the initial petition, and correct typographical errors. Dkts. 4, 4-1. The same day, he filed an unopposed motion for expedited briefing (Dkt. 6), which the Court granted (Dkt. 7). The Court ordered that "[w]hile the habeas petition is pending, Respondents shall not remove Petitioner from the United States or transfer Petitioner to another facility without providing at least forty-eight (48) hours' notice to Petitioner's counsel." Dkt. 7 at 2.

On December 29, Federal Respondent filed a return to the habeas petition. Dkt. 9. Two days later, Aburto Lopez notified the Court of his upcoming bond hearing in the Tacoma Immigration Court and expressed an intent to supplement the habeas petition following that proceeding. Dkt. 10. On January 7, 2026, he filed a traverse, in which he argued for the first time that his mandatory detention violated the Immigration and Nationality Act ("INA"). Dkt. 11.

The case was then reassigned to the undersigned District Judge. Dkt. 12. The Court permitted Respondents to file a supplemental brief addressing the new arguments raised in the traverse. Dkt. 13. On January 20, Federal Respondent did so. Dkt. 14. Federal Respondent attached a copy of the IJ's bond order. Dkt. 15-1.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Aburto Lopez's due process argument is not sufficiently developed to support a claim for relief.

Aburto Lopez asserts that he "is unlawfully detained in violation of the Due Process Clause of the Fifth Amendment" and that "[c]ontinued detention without meaningful bond consideration, despite deep family ties, decades of residence, and no criminal history, is unconstitutional." Dkt. 4-1 at 3. Federal Respondent argues that this claim lacks sufficient factual support and therefore does not provide grounds for habeas relief. Dkt. 9 at 1–2.

The factual allegations in the habeas petition do not support a claim for relief under the Fifth Amendment. The habeas petition includes some allegations about Aburto Lopez's immigration history and background but none regarding his present detention. Dkt. 4-1 at 2–3. He alleges that he is detained "following a warrantless arrest" but does not elaborate on that statement, aside from an allegation that immigration officers "picked him up at Home Depot in Wenatchee, WA." *Id.* at 1, 3. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief" under 28 U.S.C. § 2241. *Oosthuizen v. Ashcroft*, 96 F. App'x 494, 495 (9th Cir. 2004) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). Here,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

Aburto Lopez provides little more than a conclusory assertion that his detention is unconstitutional. *See* Dkt. 4-1 at 3. This does not meet his burden of demonstrating by a preponderance of the evidence that he is entitled to habeas relief. *See Davis*, 384 F.3d at 638.

**B.      Aburto Lopez is lawfully detained under the INA.**

In the traverse, Aburto Lopez argues that his mandatory detention violates the INA because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).[2] Dkt. 11 at 2–3; *see* 8 U.S.C. § 1226(a)(2) (permitting the government to release a detained noncitizen on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General"). Federal Respondent contends that even if Aburto Lopez is subject to discretionary detention under § 1226(a) rather than mandatory detention under § 1225(b), he is lawfully detained on the basis of the IJ's flight-risk finding. Dkt. 14 at 3–4.

The Court agrees with Federal Respondent. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Aburto Lopez challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a flight risk is a separate basis for the "legality of [his] custody." *See id.* In other words, even if Respondents treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under that separate finding.

---

[2] "A Traverse is not the proper pleading to raise additional grounds for relief," which "should be presented in an amended petition or . . . in a statement of additional grounds." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). However, because of the immigration court proceedings that took place after Aburto Lopez filed his petition, the Court can and does exercise its discretion to consider this argument. *See Moore v. McVay*, No. 22-CV-02747-JST, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023); *Breverman v. Terhune*, 153 F. App'x 413, 414 (9th Cir. 2005).

Because Aburto Lopez has not demonstrated by a preponderance of the evidence that "the fact or duration of his confinement" violates any law, *see Preiser*, 411 U.S. at 489, habeas relief is not available to him.

### C.      Aburto Lopez's request for pre-transfer notice is moot.

In the habeas petition, Aburto Lopez requests "an order enjoining Respondents from transferring him outside the Western District of Washington while his immigration proceedings are pending." Dkt. 4-1 at 4. He argues that transfer would impede his right to counsel and interfere with his ability to prepare for bond proceedings before an IJ. *Id.* at 3. Federal Respondent argues that this request is defective and that such an order would impermissibly interfere with the Attorney General's discretion to arrange for an appropriate location of detention for a noncitizen detained pending removal. Dkt. 9 at 2–4; *see* 8 U.S.C. § 1231(g).

The Court construes this request as seeking an order requiring pre-transfer notice until Aburto Lopez receives habeas relief. That request was already encompassed by the order entered at Dkt. 7, and because the Court has now adjudicated the habeas petition, the request is moot.

### IV.      CONCLUSION

Because Aburto Lopez has not demonstrated that his detention is unlawful, the petition for writ of habeas corpus (Dkt. 4-1) is DENIED.

Dated this 26th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5